UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMUEL FRESINA, ANTHONY FRESINA,
CARMEN NICOTERA, JR., ANDREW
SCIOCCHETTI, JOHN CAMPBELL, EUGENE
HALLOCK, *as the trustees and fiduciaries of the
Laborers' Local 190 Pension Fund, Laborers'
Local 190 Annuity Fund, Laborers' Local No. 190
Health Fund*, and LABORERS' LOCAL UNION
NO. 190,

                                        **Plaintiffs,**

    vs.                                        1:22-CV-1192
                                                    (MAD/CFH)
CASALE EXCAVATION, INC.,

                                        **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**OFFICE OF ROBERT M. CHEVERIE**    **GREGORY S. CAMPORA, ESQ.**
**& ASSOCIATES**
Commerce Center One, Suite 101
333 East River Drive
East Hartford, Connecticut 06108
Attorney for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       On November 3, 2022, Samuel Fresina, Anthony Fresina, Carmen Nicotera, Jr., Andrew Sciocchetti, John Campbell, and Eugene Hallock, as Trustees and Fiduciaries of the Laborers' Local No. 190 Pension Fund, Laborers' Local No. 190 Annuity Fund, Laborers' Local No. 190 Health Fund, and Laborers' Local Union No. 190 (collectively, "Plaintiffs"), commenced this action against Casale Excavation, Inc. ("Defendant") alleging violations of Sections 502(g)(2) and

1

515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Dkt. No. 1. Presently before the Court is Plaintiffs' unopposed motion for default judgment. *See* Dkt. No. 20.[1] For the following reasons, the motion is granted.[2]

## II. BACKGROUND

Defendant is a corporation and "employer in an industry affecting commerce" that transacted business in the State of New York as a construction company. Dkt. No. 1 at ¶ 3. Plaintiffs are the Trustees of multi-employer employee benefit plans. *See id.* at ¶ 1. Plaintiffs allege that Defendant violated a Collective Bargaining Agreement ("CBA") in which Defendant agreed to contribute to Plaintiffs "certain sums of money for each hour worked by employees covered by the CBA." *Id.* at ¶¶ 5-6; *see also* Dkt. No. 20-1 at 13-15, 51. From 2013 to 2017, Defendant employed individuals covered under the CBA but failed to pay $132,008.92 in required contributions.[3] *See* Dkt. No. 1 at ¶¶ 7-8; *see also* Dkt. No. 20-5 at 2. Additionally, according to a Collection Policy, Defendant owes 5.25% simple interest and 10% in liquidated

---

[1] Plaintiffs initially moved for a default judgment on March 28, 2023. *See* Dkt. No. 18. However, because Plaintiffs failed to provide a certificate of service as required by this Court's Individual Rules and Practices, the Court denied the motion without prejudice and with leave to renew. *See* Dkt. No. 19. Plaintiffs subsequently refiled their motion and attached a certificate of service. *See* Dkt. No. 20 at 3.

[2] The Court has entered default judgment against Casale for unpaid contributions in two other cases. *See Bd. of Trustees of Laborers Pension Fund of Loc. Union No. 186 v. Casale Constr. Servs., Inc.*, No. 1:18-CV-00583, 2018 WL 4935731, *3 (N.D.N.Y. Oct. 11, 2018); *Upstate New York Engineers Health Fund v. Casale Constr. Servs., Inc.*, No. 5:17-CV-0253, 2018 WL 4941778, *1 (N.D.N.Y. Oct. 12, 2018).

[3] In Plaintiffs' complaint, they also allege unpaid contributions from June 2017 through August 2022, for which Defendant failed to submit remittance reports. *See* Dkt. No. 1 at ¶¶ 7-9. In their motion, Plaintiffs explain that they estimated the amount of contributions owing from June 20, 2017, through August 2022 as $156,916.26. *See* Dkt. No. 20-4 at ¶ 7. However, because Defendant did not submit remittance reports, Plaintiffs cannot "definitively determine the amounts owed for this period" and they do not include such contributions in their motion for a default judgment. *Id.* at ¶ 8.

2

damages for delinquent contributions.  *See* Dkt. No. 1 at ¶ 10; *see also* Dkt. No. 20-3 at 11.  Thus, Plaintiffs contend that Defendant owes $132,008.92 in principal contributions, $70,083.70 in interest, $13,200.89 in liquidated damages, $567.00 in legal costs, and $2,000 in attorney's fees for a total default judgment of $217,860.51 in damages for violations of the LMRA and ERISA.  *See* Dkt. No. 1 at ¶¶ 8, 11; *see also* Dkt. No. 20 at 1.

### III.  DISCUSSION

**A.    Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id*. (quotation marks and citation omitted); *see also* FED. R. CIV. P. 55(a).  Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing that the party against whom judgment is sought is "not an infant, in the military, or an incompetent person," that the party has "failed to plead or otherwise defend the action," and that the party has been "properly served the pleading" without responding.  *See* N.D.N.Y. L.R. 55.1.

"Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court."  *Simmons*, 2008 WL 685498, at *2 (citation omitted).  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citation omitted); *see also* FED. R. CIV. P. 55(b)(2).  Local Rule 55.2(b) requires that the moving party to (1) accompany a default judgment motion with the clerk's certificate of default, the complaint,

3

and a proposed form of default judgment; and (2) submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, and has defaulted in appearance in this action, that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, the amount shown is justly due and owing, and the disbursements sought to be taxed have been made in the action or will be made.  *See* N.D.N.Y. L.R. 55.2(b).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  "The burden is on the plaintiff to establish [] entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting FED. R. CIV. P. 55(b)(2)(B)-(C)).

"[A] court may rely upon affidavits and documentary evidence" to evaluate the sum of damages in a default judgment, as it does in this case. *Overcash*, 549 F. Supp. 2d at 196; *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (upholding an award of damages in a default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

**B.    Default Determination**

Plaintiffs have satisfied the procedural prerequisites for obtaining a default judgment. *See* Dkt. Nos. 1, 10, 11, 13, 15, 20, 20-4.  Accordingly, the Court turns to whether Plaintiffs have met their burden of demonstrating that they are entitled to the relief requested.

As Defendant has failed to appear in this action, it is deemed to have admitted all well pled, relevant factual allegations for purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that [it] is bound by the terms of the [agreement it] entered into with plaintiff . . ."). Under ERISA,

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  ERISA also provides for statutory damages as follows:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
> > (i) interest on the unpaid contributions, or

5

>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

*Id.* § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *Id.* § 1132(h). Section 301 of the LMRA provides a cause of action against an employer in an industry affecting commerce for the "violation of contracts between [the] employer and a labor organization." 29 U.S.C. § 185(a). "Under Section 301 of the LMRA, an employer may be held liable for failing to remit dues or contributions to a labor organization as required under the terms of a CBA." *Mason Tenders Dist. Council Welfare Fund v. Shelbourne Constr. Corp.*, No. 19-CV-7562, 2020 WL 7028530, *5 (S.D.N.Y. Nov. 30, 2020) (citation omitted).

Plaintiffs request an award of $217,860.51, consisting of unpaid contributions, interest, liquidated damages, legal costs, and attorneys' fees. *See* Dkt. No. 20 at 1. Plaintiffs submitted an attorney affidavit and documentary evidence including the CBA, audit reports, policy statements, and payroll records. *See* Dkt. No. 20-1-20-7; *see also Action S.A.*, 951 F.2d at 508. Despite proper service, Defendant has failed to appear, file an answer or otherwise move with respect to the complaint, or respond to Plaintiffs' motion for a default judgment.

The Court finds that, given the unopposed filings, the extensive documentation provided by Plaintiffs including the CBA, and the relevant law, Defendant is liable to Plaintiffs. *See*

6

*Rusyniak v. Gensini*, No. 07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (concluding that when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested"); *see also Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.*, No. 11-CV-5742, 2013 WL 2120338, *3 (E.D.N.Y. Apr. 3, 2013) (citations omitted) (determining that the "[p]laintiffs allege that defendant failed to make contributions to the Funds, as required by the terms of the CBA. Therefore, defendant's failure to make the required contributions to the Funds constitutes a violation of ERISA. . . . [P]laintiffs allege that defendant failed to remit dues to Local 1 and make required contributions to LMRC. These failures constitute a breach of the CBA, and thus, defendant is liable under Section 301 of the LMRA").

### C.   Damages

#### 1. Contributions

Plaintiffs present audit reports reflecting the hours worked by covered employees from January 1, 2013, through June 9, 2017, resulting in $132,008.92 in unpaid contributions. *See* Dkt. No. 20-2. The report includes a detailed breakdown of the covered employees, their hourly pay, the hours and days they worked, and the total amount due in unpaid contributions. *See id.* Plaintiffs also provide the CBA agreement. *See* Dkt. No. 20-1. After reviewing Plaintiffs' motion and supporting documentation, the Court awards Plaintiffs $132,008.92 in unpaid contributions.

#### 2. Interest

A decision whether to grant prejudgment interest is at the discretion of the district court, but the Court must "explain and articulate its reasons for any decision regarding prejudgment interest." *Henry v. Champlain Enters., Inc.*, 445 F.3d 610, 622-23 (2d Cir. 2006). "Prejudgment interest is intended to serve 'as compensation for the use of money withheld' and to put 'the plan in

the position it would have occupied but for the breach.'" *Upstate N.Y. Eng'rs Health Fund v. Oneidaview Pile Driving, Inc.*, No. 15-CV-512, 2017 WL 1483446, *5 (N.D.N.Y. Apr. 25, 2017) (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992)).

Plaintiffs request $70,083.70 in interest on the unpaid contributions. *See* Dkt. No. 20 at 1; *see also* Dkt. No. 20-6. Plaintiffs present a collection policy which states that "[i]nterest shall accrue on delinquent contributions from the due date at the rate of two percent (2%) over the prime interest rate per annum." Dkt. No. 20-3 at 11. Plaintiffs also provide a chart of the amount of interest owed, documentation reflecting yearly interest rates, and an attorney affidavit affirming the amount owed. *See* Dkt. Nos. 20-4, 20-6. After reviewing Plaintiffs' submissions, the Court finds the sum reasonable and appropriate in order to make Plaintiffs whole for lost investment income and to effectuate the CBA. *See* Dkt. No. 20-6; *see also* 29 U.S.C. § 1132(g)(2)(B); *Bricklayers & Allied Craftworkers Loc. 2, Albany, New York Pension Fund by O'Sick v. Mainstream Specialties Inc.*, No. 1:20-CV-463, 2020 WL 6781512, *3 (N.D.N.Y. Nov. 18, 2020).

### 3. Liquidated Damages

Pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii), the Court may award "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the" unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii). The Collection Policy includes the following language: "If the delinquent contributions are not received in the Funds' Office when due, the Board may assess liquidated damages at the rate of ten (10%) percent of the principal amount due." Dkt. No. 20-3 at 11. Plaintiffs seek $13,200.89 in liquidated damages. *See* Dkt. No. 20 at 1. Plaintiffs' calculation accurately reflects ten percent of the $132,008.92 principal amount due for unpaid contributions. After reviewing Plaintiffs' motion and supporting documentation, the

Court awards Plaintiffs $13,200.89 in liquidated damages. *See Bricklayers & Allied Craftworkers Loc. 2*, 2020 WL 6781512, at *3.

### 4. Legal Costs and Attorney's Fees

In an ERISA action involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (citation omitted). The Collection Policy provides that "[a]ttorneys' fees shall be due to the Funds from a delinquent Employer at the hourly rate charged to the Funds for such services, for all time spent by legal counsel in collection efforts." Dkt. No. 20-3 at 11. The Collection Policy also states that "[a]ll costs actually incurred in court actions for collection of delinquent contributions . . . shall be due to the Funds from the delinquent Employer." *Id.* As the Court finds that Defendant is liable to Plaintiffs for the delinquent contributions, Plaintiffs have succeeded on the merits, and the Court finds that an award of attorney's fees is appropriate. *See Bricklayers & Allied Craftworkers Loc. 2*, 2020 WL 6781512, at *3.

Plaintiffs request $2,000.00 in attorney's fees and $567.00 in legal costs through March 28, 2023. *See* Dkt. No. 20 at 1. In support of their request, Plaintiffs have presented a billing report and an attorney affidavit indicating that eight hours were spent on this matter. *See* Dkt. Nos. 20-4, 20-7. After reviewing the documents, the Court finds that the amount of time spent by Plaintiffs' attorney was reasonable. The Court also finds that the requested hourly rate of $250.00 per hour is reasonable. *See Sarwar v. Lake Placid Hotel Partners, LLC*, No. 8:20-CV-1387, 2022 WL 833374, *2 (N.D.N.Y. Mar. 21, 2022) ("Courts in this District have found that a reasonable

rate for work for an experienced partner is between $250 and $350 an hour"). Therefore, the Court awards Plaintiffs $2,000.00 in attorney's fees. Additionally, the Court has reviewed Plaintiffs' request for $567.00 in legal costs for the filing and service fees and finds the request reasonable and supported by the record. *See* Dkt. No. 20-7; *see also Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-CV-1057, 2019 WL 2024760, *5 (N.D.N.Y. May 8, 2019). Thus, the Court grants Plaintiffs $2,567.00 for attorney's fees and costs.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 20) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the amount of $217,860.51 against Defendant Casale Excavation, Inc., consisting of (1) $132,008.92 in unpaid contributions, (2) $70,083.70 in interest, (3) $13,200.89 in liquidated damages, and (4) $2,567.00 in legal fees and costs; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiffs' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 13, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge